IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BERNARD S. LEVI,** : | **CIVIL NO. 1:CV-05-1092** |
| Petitioner : | |
| v. : | |
| **RONNIE HOLT, Warden** : | |
| Respondent : | |

## MEMORANDUM AND ORDER

Before the court is a report and recommendation of the magistrate judge to whom the captioned matter was referred. The magistrate judge recommended that Petitioner's habeas corpus petition filed pursuant to 28 U.S.C. § 2241 and his motions for a preliminary injunction and a temporary restraining order be denied. Petitioner has filed objections to the report and recommendation (Doc. 22) and a motion for discovery (Doc. 21). The parties have briefed the issues, and the matters are ripe for disposition.

With respect to Petitioner's motion for discovery, the court finds that good cause does not exist to grant Petitioner's motion for discovery. Thus, the court will deny Petitioner's motion. Under Rule 6(a) of the rules governing 28 U.S.C. § 2254 "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."[1]

---

[1] Rule 1(b) of the rules governing 28 U.S.C. § 2254 makes rule 6(a) applicable to habeas petitions filed under § 2241.

Petitioner seeks discovery of all DHO decisions imposed by DHO Officer Kevin Bittenbender.  Petitioner's motion is based on his assertion that the DHO is biased and finds inmates guilty in all cases.  However, as the magistrate judge correctly noted, in the instant case the DHO complied with all due process requirements.  Based upon the evidence presented the DHO found Petitioner guilty of the charged offense.  The sanctions imposed upon Petitioner were in conformity with the charged offense.  Petitioner has not shown good cause as to how the requested discovery would provide any relevant information in the instant case.  Petitioner also seeks discovery of all the records in the files of SCI-Schuykhill personnel that list Petitioner as a sex offender.  The court fails to see how Petitioner's request relates to his habeas petition under § 2241. The court finds that Petitioner has failed to show good cause as to why this request should be granted.  Accordingly, the court will deny Petitioner's request for discovery.

With respect to Petitioner's objections to the magistrate judge's report and recommendation, the court finds that Petitioner's objections are without merit. Petitioner raises all but two of the same issues that he did before the magistrate judge. The court will not revisit those issues already raised. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980) (holding that the court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations).

The first new issue Petitioner raises is with respect to witnesses' testimonies.  During his January 3, 2005 DHO hearing Petitioner called Inmate Baseem Williams.  Inmate Baseem Williams's testimony indicated that he was unaware of what Petitioner was doing during the relevant time frame.  Petitioner now

seeks to introduce an affidavit from Inmate Jamar Williams dated March 2, 2005, which purports that Petitioner did not engage in the charged conduct. Petitioner asserts that the magistrate judge erred by failing to consider the March 2, 2005 affidavit of Jamar Williams.  The court notes that the report and recommendation does not address the March 2, 2005 affidavit.[2]  Regardless, the court finds that Inmate Jamar Williams's affidavit is untimely.  As stated in the report and recommendation, Petitioner was afforded every opportunity within his due process rights to call witnesses during his DHO hearing.  Since there was no due process violation during the DHO hearing, the court will not consider the March 2, 2005 affidavit of Inmate Jamar Williams.

       The second new issue relates to Petitioner's allegation that Lieutenant Broe instructed Mrs. Feger to write the incident report as a form of retaliation. Petitioner also asserts that if Mrs. Feger were to testify she would admit that Lieutenant Broe instructed her to make the report.  While the magistrate judge did not mention Lieutenant Broe in the report and recommendation, the court finds Petitioner's argument unconvincing.  Mrs. Feger provided in her eyewitness rendition that Petitioner committed the offense for which he was charged.  Therefore, Mrs. Feger's eyewitness rendition contradicts Petitioner's assertions.  Moreover, Petitioner fails to provide any evidence in support of his assertion.

       Finally, the court notes that the Supreme Court has stated that

> [t]he fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a

---

[2] It is possible that the magistrate judge confused the January 3, 2005 DHO hearing testimony of Baseem Williams with the March 2, 2005 affidavit of Jamar Williams.

>>criminal conviction, [*Wolf v. McDonnell*, 418 U.S. 539,] 556 [(1974)] [] and neither the amount of evidence necessary to support such a conviction, see *Jackson v. Virginia*, 443 U.S. 307 [] (1979) nor any other standard greater than some evidence applies in this context.

*Superintendent v. Hill*, 472 U.S. 445, 456 (1985).  As stated, in the instant case, Petitioner was afforded his due process rights with respect to his DHO hearing.  There exists, at the very least, *some* evidence that supports the DHO finding, namely the eyewitness rendition of Mrs. Feger.  The court finds that the sanctions imposed on Petitioner comport with the standard articulated in *Hill*.  *Id*.

>Accordingly, **IT IS HEREBY ORDERED THAT:**

>1) Petitioner's motion for discovery (Doc. 21) is **DENIED**.

>2) The court adopts the report and recommendation (Doc 19) of

Magistrate Judge Blewitt.

>3) Petitioner's motion for a preliminary injunction (Doc. 10) is

**DENIED**.

>4) Petitioner's motion for a temporary restraining order (Doc. 11) is

**DENIED**.

>5) Petitioner's petition for habeas corpus relief under 28 U.S.C. § 2241

(Doc. 1) is **DENIED**.

>6) The Clerk of Court shall close the file.

>7) The court declines to issue a certificate of appealability.

>>s/Sylvia H. Rambo  
>>SYLVIA H. RAMBO  
>>United States District Judge

Dated:  November 8, 2005.