IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BERNARD S. LEVI,** : | **CIVIL NO. 1:CV-05-1092** |
| **Petitioner** : | |
| v. : | |
| **RONNIE HOLT, Warden** : | |
| **Respondent** : | |

# **M E M O R A N D U M**

Before the court is Petitioner's motion for reconsideration.  (Doc. 29.) For the reasons stated below, the court will deny Petitioner's motion for reconsideration.

## I.        **Background**

The facts are well known to both parties; therefore, the court will not recite the facts.  On November 8, 2005, the court denied Petitioner's request for discovery and adopted the magistrate judge's report and recommendation to deny Petitioner's motions for a temporary restraining order and a preliminary injunction and Petitioner's petition for habeas corpus relief under 28 U.S.C. § 2241.  (Doc. 28.) (*Id.*)  Petitioner filed the instant motion for reconsideration on November 15, 2005.

## II.       **Legal Standard: Motion for Reconsideration**

A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry. *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D.

Pa. 1993). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). " 'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.' " *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quoting *Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2001 U.S. Dist. LEXIS 20813, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001) (citations and internal quotation marks omitted)). Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541. Finally, reconsideration of judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

**III.**     **Discussion**

Petitioner's motion for reconsideration accuses the court of acting in concert with Respondent; however, there is nothing that supports Petitioner's

allegations of misconduct by the court.  Petitioner appears to base his argument on the fact that the court has denied his motion objecting to the magistrate judge's report and recommendation.  Such an argument is baseless and the court will not address this issue any further.  The court will deny Petitioner's motion for reconsideration with respect to this issue.

Petitioner also asserts that the court has evaded Petitioner's claim that the loss of 27 days of good time credit was in violation of the Bureau of Prisons' Program Statement.  In support, Petitioner cites to 18 U.S.C. § 3624.  However, § 3624 specifically provides that

> if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.

18 U.S.C. § 3624.  Clearly it is within the discretion of the Bureau of Prisons to determine whether an individual's conduct merits credit for good time served.  Thus, Petitioner's argument is without merit.  The court will deny Petitioner's motion for reconsideration with respect to this issue as well.

The remainder of Petitioner's motion for reconsideration is essentially a restatement of the arguments he has already presented.  Petitioner fails to articulate any new evidence that would warrant a change in the court's ruling, and he does not point to any new law that supports his position.  As stated, a motion for reconsideration is not a second opportunity for the litigant to argue his position.  Accordingly, the court will deny Petitioner's motion.

**IV.   Conclusion**

In accordance with the foregoing discussion, the court will deny Petitioner's motion for reconsideration.  An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  November 22, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERNARD S. LEVI,** | : | **CIVIL NO. 1:CV-05-1092** |
| Petitioner | : | |
| v. | : | |
| **RONNIE HOLT, Warden** | : | |
| Respondent | : | |

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. 29) is **DENIED.**


x                                             s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: November 22, 2005.